UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gaoee T., <br><br> Plaintiff, <br><br> v. <br><br> Martin O'Malley, Commissioner of Social Security, <br><br> Defendant. | Case No. 22-CV-1992 (JFD) <br><br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). (Dkt. No. 30.) The Commissioner of Social Security ("The Commissioner") takes no position on the motion. (*See* Dkt. No. 32.) The Court finds that the requested amount is reasonable and grants the motion.

Plaintiff was denied disability benefits and filed a complaint challenging the final decision. Plaintiff hired attorneys Wes Kappelman and David L. Christianson to represent her on a contingency basis. (Dkt. No. 31-1.) The fee agreement provided that if Plaintiff was successful in her appeal of the Commissioner's decision, she would pay the attorneys 25% of past-due benefits.

In an Order dated September 11, 2023, this Court reversed the Commissioner's final decision and remanded the matter to the Social Security Administration ("SSA"). (Dkt. No. 22.) Plaintiff sought attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the Court granted the petition and awarded $3,816.55. (Dkt. No. 29.)

On remand, the SSA determined that Plaintiff qualified for disability benefits. (Dkt. No. 31-2.) The SSA withheld $37,069.00 from her past-due benefits to pay her representatives. Counsel is not seeking through this motion to recover fees for work performed before the SSA. *See* 42 U.S.C. § 406(a). Counsel only seeks an award of $19,625.00 for the 15.7 hours they worked on the case in federal court. Counsel will reimburse Plaintiff the $3,816.55 previously awarded under EAJA.

Title 42 U.S.C. § 406(b) provides that when a court enters a judgment favorable to an SSA claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Congress passed this law to discourage (1) fee arrangements which were "yielding exorbitant fees," and (2) attorneys from prolonging litigation to increase the amount of past-due benefits and, as a result, their fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). Courts must review fee "arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. In addition, counsel cannot recover both EAJA and § 406(b) fees; if a court awards both, the attorney must refund the smaller fee award to the claimant. *See Gisbrecht*, 535 U.S. at 796.

In assessing whether an attorney's fee request under § 406(b) is reasonable, "the Court starts with the contingency fee agreement and then assesses the 'character of the representation and the results the representative achieved.'" *Williamson v. Kijakazi*, No. 21-CV-2034 (SRN/LIB), 2023 WL 8295270, at *2 (D. Minn. Dec. 1, 2023) (quoting *Gisbrecht*, 535 U.S. at 808). Courts may decrease the fee awarded if counsel performed

poorly, if counsel caused unnecessary delay, or if counsel's fee is too large considering how much time they spent on the case. *Id.*

Plaintiff's counsel seek an award of $19,625.00 for 15.7 hours of work in federal court. That fee averages to $1,250.00 per hour. On its face, that seems excessive, and it is on the high end of what courts in this District have found reasonable. *See Shane T. v. Saul*, No. 18-CV-634 (BRT), 2020 WL 5743075, at *2 (D. Minn. Sept. 25, 2020) (permitting a $21,646.25 contingency fee, which averaged to an hourly rate of $775.85); *Jody A. E. v. Saul*, No. 16-CV-969 (MJD/BRT), 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (permitting a $29,388.25 contingency fee, averaging to an hourly rate of $1,229.63); *Smith v. Astrue*, No. 06-CV-2091 (ADM/AJB), 2008 WL 2609443, at *24 (D. Minn. June 24, 2008) (permitting a $30,066.50 contingent fee, averaging to an hourly rate of $1,141.91). On the other hand, this Court has previously approved a fee award averaging to a $1,250.00 hourly rate. *Matthew L. v. O'Malley*, No. 21-CV-1009 (JFD), 2024 WL 1694839, at *2 (D. Minn. Apr. 19, 2024).

The Court finds the fee request reasonable and will approve the amount requested in this case. There is no indication that counsel performed poorly or caused unnecessary delay. Nor is the full award sought so "large in comparison to the amount of time counsel spent on the case" that a reduction is warranted. *See Gisbrecht*, 535 U.S. at 808. Finally, in accordance with counsel's request, the Court will direct that payment be made to Mr. Christianson, who will refund to Plaintiff the $3,816.55 previously awarded under EAJA and will disburse to Mr. Kappelman his portion of the award.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (Dkt. No. 30) is **GRANTED**.

2. The Court authorizes a payment to David L. Christianson in the amount of $19,625.00 in attorneys' fees being withheld from Plaintiff's past-due benefits for court-related services.

3. Upon receipt of this sum, counsel for Plaintiff shall remit $3,816.55 directly to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to EAJA.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 5, 2024					*s/ John F. Docherty*
							JOHN F. DOCHERTY
							United States Magistrate Judge